United States District Court Northern District of Alabama

| | |
|---|---|
| Darrious Mabry<br><br>    Plaintiff,<br><br>vs.<br><br>Matthew L. Moore,<br>Et al.,<br>    Defendants | Civil Action No.<br>4:13-cv-00199-KOB-HGD |

FILED
2014 Feb-27 AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

2014 FEB 26 A 11:32

## Motion For Leave To File An Amended Complaint

Plaintiff Darrious Mabry, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., request leave to file an amended complaint adding actual facts and eye witness.

    In the order for special report dated 2-7-14, the court specified that the plaintiff is required to notify the court within 20 days that plaintiff's notice must describe specifically and in detail any error in the court's reading and understanding of the claims pled, setting forth the true nature of the claim or claims plaintiff intended to plead in his original complaint. The court allowed plaintiff to freely amend the complaint and to add parties or claims before the 20 days of the special order report expires

1. The plaintiff in his original complaint failed to mention that defendant Matthew L. Moore made written admissions to the plaintiff's allegations in the original complaint. Defendant Matthew L. Moore made verbal and written

admissions to exiting his assigned cubicle and striking the plaintiff. See "Classification Summary" Exhibit B

2. Plaintiff failed to mention that Warden Patrice Richie disapproved the disciplinary findings of guilty with justification stating, "This incident was due to the arresting officer exiting the cubicle to confront the inmate inside of the block." See "Disciplinary Report" Exhibit A page 4

3. Plaintiff alleges that he has actual eye witness to the incident and wishes to present declaration by this witness in support of these claims. See "declaration" Exhibit C

4. Furthermore in the order for special report on page 4 paragraph 2 there was an error in the court's reading and understanding of the claims pled, specifically stating that the plaintiff suffered a broken nose. This statement was not made by the plaintiff. Plaintiff never alleged having a broken nose. Plaintiff would like to clarify this to the court.

In the United States District Court
For the Northern District of Alabama

Darrious Mabry,
    Plaintiff

v.

Matthew L. Moore, et al.,
    Defendants

2014 FEB 26 A 11:32

Declaration of Nigel Sanders

Civil Action No. 4:13-cv-00199-KOB-H6D

Nigel Sanders hereby declares:

I was incarcerated at St. Clair Correctional Facility for 5 years. From 3-14-2010 until 3-27-2013 I was housed in Q1 Block. I was housed in Q1-12 cell which is across from Q1-14 cell. Darrious Mabry was housed in Q1-14 cell.

On Oct. 29, 2012, I saw Officer Matthew Moore exit the cubicle and enter the cellblock. A few minutes later I seen Officer Matthew Moore push and began striking Darrious Mabry. I heard Darrious Mabry cry out. It sounded like he was in pain. After Officer Matthew Moore stopped striking Darrious Mabry, I seen Darrious Mabry run out of the block towards the shift office.

Exhibit-C

A few months later, they transferred me and Darrious Mabry to William E. Donaldson Correctional Facility.

I declare under penalty of perjury that the forgoing is true and correct. Executed at William E. Donaldson on Feb. 10, 2014.

Nigel Sanders #215316    A-14
W.E. Donaldson
100-Warrior Lane
Bessemer, Al 35023

*Nigel Sanders*


Mabry, Darius
261108  B-13

| | ALABAMA DEPARTMENT OF CORRECTIONS | CLAS001 |
|---|---|---|
| | CLASSIFICATION SUMMARY | |

## INMATE CLASSIFICATION SECURITY LEVEL - (CLAS012)
### AIS : 00261108

I. Security Level indicated by score.      5

II. Recommended Security Level.            5

**Security Restrictions:**   None

**Comments:** RECLASS: According to Incident Report SCCF-12-01792 while Officer Moore was assigned to Q-Cubicle, he verbally reprimanded inmate Mabry for being continually in and out of the cellblock. Officer Moore then opened the cubicle door, entered Q-1 Cellblock and confronted inmate Mabry and a physical altercation ensued between Officer Moore and Inmate Mabry. Officer Moore pushed inmate Mabry backwards to create some space between them, then inmate Mabry punched Officer Moore in the face striking his nose. Officer Moore sustained a broken nose and a concussion and had to be transported to a free world hospital for medical treatment. Inmate Mabry was found not guilty of RV# 902, with justification being "this incident was due to the arresting officer exiting the cubicle to confront the inmate inside of the block". Despite Mabry being found not guilty during his disciplinary hearing recommend a custody increase to CLOSE due to the details of the incident report.

### Comments:

**Institution Recommendation**    RECLASS: According to Incident Report SCCF-12-01792 while Officer Moore was assigned to Q-Cubicle, he verbally reprimanded inmate Mabry for being continually in and out of the cellblock. Officer Moore then opened the cubicle door, entered Q-1 Cellblock and confronted inmate Mabry and a physical altercation ensued between Officer Moore and Inmate Mabry. Officer Moore pushed inmate Mabry backwards to create some space between them, then inmate Mabry punched Officer Moore in the face striking his nose. Officer Moore sustained a broken nose and a concussion and had to be transported to a free world hospital for medical treatment. Inmate Mabry was found not guilty of RV# 902, with justification being "this incident was due to the arresting officer exiting the cubicle to confront the inmate inside of the block". Despite Mabry being found not guilty during his disciplinary hearing recommend a custody increase to CLOSE due to the details of the incident report.

**Psych Associate Review**    I agree. PLH

**Warden Review**    concur. close. jh

| Title | Custody | Sec Lvl | Date |
|---|---|---|---|
| **Specialist Final Review And Submission** | CLOSE | 5 | 01/17/2013 |
| docal\brittney.stallworth | | | |
| **Central Review Board 1** | MEDIUM | 5 | 01/28/2013 |
| docal\stan.dean | | | |
| Reason : Other security considerations* (specify) | | | |
| Comments : Remain medium/SL V. The assault disciplinary was disapproved by Warden Richie. | | | |
| **Central Review Board 2** | MEDIUM | 5 | 01/28/2013 |
| docal\bobby.maclean | | | |
| Comments : This case was discussed with the Acting Director of Classification - Close custody is not being approved because the disc for Assault On An Officer was disapproved by the Warden - med/admin seg is being approved "Mabry needs to be moved from St. Clair - the ISRB at the receiving institution can determine when to release him to general pop. | | | |
| **Complete** | MEDIUM | 5 | 01/28/2013 |

(Transfer)

Approved

C. Classification Summary - "Central Review Board"

Run Date: 1/29/2013 8:02:45 AM          Exhibit-B          Page 10 of 12


Malone

Alabama Department of Corrections
**DISCIPLINARY REPORT**
403A (1-4)

DISC001
Scanning

**Incident Report Number:** SCCF-12-01792

1. **Inmate:** MABRY, DARIUS  **Custody:** MEDIUM  **AIS:** 00261108
2. **Institution:** ST.CLAIR CORRECTIONAL FAC.  **Disc #:** SCCF-12-01792-1
3. **The above inmate is being charged by:** MOORE, MATTHEW L
   **with a violation of the following Rule(s):**
   902 - Assault on a Person(s) associated with ADOC
   **From Administrative Regulation #403, which occured on or about:**
   Oct 29 2012  5:45PM at Q-1

   A hearing on this charge will be held after 24 hours from being served.

4. **Circumstances of the violation(s) are as follows:**
   On October 29, 2012, at approximately 5:45 pm., you inmate Darius Mabry, B/261108, did assault Officer Matthew Moore in the Q-1 cellblock by punching Officer Moore in the face with your fist.

   10/29/2012                                MOORE, MATTHEW L / Officer
   Date                                      Arresting Officer / Title

5. I hereby certify that on this __2nd__ day of __November__, 20__12__, at (time) __4:35__ ( am / **pm** ), I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

   _____          x Darius Mabry  261108
   Serving Officer's Signature         Inmate's Signature / AIS Number

6. **Witnesses desired?**   NO: _____          YES: Darvery Mabry
                            Inmate's Signature                Inmate's Signature

7. **If yes, list:**  AIS: _____  NAME: Officer Christian
                      AIS: _____  NAME: Sgt Heflin
                      AIS: _____  NAME: Sgt Northcutt

■ Final Copy of Disciplinary **Exhibit·A**   1.

Run Date: 11/2/2012 2:09:00 PM

# Alabama Department of Corrections
## DISCIPLINARY REPORT
### 403A Warden Decision

**Incident Report Number:** SCCF-12-01792

1. **Inmate:** MABRY, DARIUS    **Custody:** MEDIUM    **AIS:** 00261108
2. **Institution:** ST.CLAIR CORRECTIONAL FAC.    **Disc #:** SCCF-12-01792-1
3. **The above inmate is being charged by:** MOORE, MATTHEW L

   with a violation of the following Rule(s):

   902 - Assault on a Person(s) associated with ADOC

   From Administrative Regulation #403, which occured on or about:

   Oct 29 2012  5:45PM at Q-1

   A hearing on this charge will be held after 24 hours from being served.

4. **Circumstances of the violation(s) are as follows:**

   On October 29, 2012, at approximately 5:45 pm., you inmate Darius Mabry, B/261108, did assault Officer Matthew Moore in the Q-1 cellblock by punching Officer Moore in the face with your fist.

   | 10/29/2012 | MOORE, MATTHEW L / Officer |
   |---|---|
   | Date | Arresting Officer / Title |

5. I hereby certify that on this 2nd day of November, 2012, at (time) 16:35:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

   | THOMAS, DAVID R | See Signed 403A (1-4) |
   |---|---|
   | Serving Officer's Name | Inmate's Signature / AIS Number |

6. **Witnesses desired?**    **NO:** _____    **YES:** See Signed 403A (1-4)
                                           Inmate's Signature                       Inmate's Signature

7. **If yes, list:** CHRISTIAN, JOEL R
                  HEFLIN, KENNETH V
                  NORTHCUTT, WILLIAM C

8. **Hearing Date:** November 13, 2012    **Time:** 14:00:00    **Place:** segregation Unit
9. Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.
10. The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.

    MALONE, GARY W
    Hearing Officer

11. A finding is made that the inmate is capable of representing himself / herself.

    MALONE, GARY W
    Hearing Officer

12. **Plea:**        MABRY, DARIUS / 00261108        **Not Guilty**

13. **Arresting Official's testimony (at the hearing):**

    On october 29,2012 at approximately 5:45pm., youn inmate Darius Mabry, B/261108, did assault Officer Matthew Moore in Q-1 cellblock by punching Officer Moore in the face with his fist.

14. **Inmate's testimony:**

    Written statement attached 1 of 3 pages.

| | |
|---|---|
| 14a Witness: | CHRISTIAN, JOEL R |
| Testimony: | Did not want to make a statement |
| 14a Witness: | HEFLIN, KENNETH V |
| Testimony: | Inmate Mabry, came to speak with me in the chow hall, while I was feeding the evening meal and I told him that I would speak with him after chow was over and not to go around officer Moore. Inmate Mabry stated ok and left the dining hall. |
| 14a Witness: | NORTHCUTT, WILLIAM C |
| Testimony: | I was not there when the incident took place. |

15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.

MALONE, GARY W
Hearing Officer

16. The following witnesses were not called:

17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):

**The hearing Officer finds that:**

Inmate Darius Mabry B/261108 and Officer Matthew Moore were in a physical altercation October 29, 2012 in Q-1 cell block. Inmate Mabry and Officer Moore stated in their testimony that they were in a physical altercation.

18. Basis for finding of fact:

I believe the arresting Officer and inmate Darius Mabry B/261108, sworn testimony that they were in a physical altercation in Q-1 cell block, which can be proven by doc body chart as well as the written statements.

19. Hearing Officer's decision:  [X] Guilty   [ ] Not Guilty

20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:

- [ ] Counseling / Warning
- [ ] Extra Duty for ___ days at ___ hours per day under supervision _____ Shift
- [ ] Loss of Outside privileges for ___ days

Community Based Institutions Only:

- [X] Loss of Canteen privileges for 30 days    [ ] Draw cut to _____ (minimum $25)
- [X] Loss of Telephone privileges for 30 days    [ ] Restriction / State Whites for ___ days
- [X] Loss of Visiting privileges for 30 days    [ ] Loss of Passes for ___ days
- [ ] Removal from Hobby Craft    [ ] Return to Inmate Staff for ___ days
- [ ] Loss of Good Time ___ yrs ___ mths ___ dys
- [X] Disciplinary Seg for 30 days
- [X] Recommend Custody Review
- [ ] Recommend Job Change
- [ ] Financial Compensation _____

MALONE, GARY W
Hearing Officer

21. Warden's Action - Date:    11/21/2012

Approved

Run Date: 11/21/2012 2:48:58 PM

Alabama Department of Corrections                                           DISC00

**DISCIPLINARY REPORT CONTINUATION SCCF-12-01792-1**

403A Warden Decision

**Disapproved**   Patrice Richie / This incident was due to the arresting officer exiting the cubicle to confront the inmate inside of the block. _____

**Other (specify)** _____

22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the _21_ day of __November__, 20_12_ at (time) _11:56_ ( am /(pm)).

23. _____          Refuse to Sign           _____
Serving Officer's Signature / Title                    Inmate's Signature / AIS Number

Distribution:   Original to Central Records Division
        Copy to:   I & I (If Federal or State law violated)
              Inmate Institutional File
              Board of Pardons and Parole
              Sentencing Judge (if applicable)

4.

Run Date: 11/21/2012 2:48:58 PM

11/16/12. Questions for Sgt. Northcutt   Scanned G 12-01792-1

1. Did I try to speak with you before this incident with Officer Matthew L. Moore took place? ~~He d~~ He didn't tell me which officer.

2. What did you tell me to do when I came to you? Go speak with Sgt. Heflin.

3. Is a A.D.O.C. officer allowed to leave his cubicle unattended and enter a cellblock without permission from a superviser? No

4. What would be the punishment if an Officer did in fact violate the rules and ~~left~~ his assigned cubicle unattended to enter a cellblock?

5. Did Officer Matthew L. Moore have permission to leave his assigned cubicle unattended and enter Q-1 cellblock at or around 5:45pm on 10-29-12? Don't know

6. What was Officer Matthew L. Moore's punishment for leaving his assigned cubicle unattended and entering Q1- cellblock?

7. At any time at or around 5:45pm on 10-29-12 did Officer Matthew L. Moore call for assistance in Q1-cellblock? I don't know

11/13/12           Questions for Sgt. Heflin

1) Did I try to speak with you before ~~this~~ incident with Officer Matthew L. Moore took place? Yes

2) How did you handle the situation when I came to you? I told you that I would get with officer Moore, after chow and to stay away from officer Moore.

3) Did you give Officer Matthew L. Moore permission to leave his cubicle and enter Q1-cellblock at or around 5:45pm on 10-29-12? NO

5.

Questions for Officer Christian  Scanned G12-0179D-1

1. Did I come to you before this incident with Officer Matthew L. Moore took place? (NO)

2. Did Officer Matthew L. Moore call for assistance in Q1-cellblock when this incident took place? (Yes)

Questions for Officer Matthew L. Moore

11/16/12

1. According to A.D.O.C.'s Rules and Regulations are you permitted to exit your assigned cubicle and enter a cellblock without permission from a supervisor? (NO)

2. Did you have permission to leave your assigned cubicle leaving it unattended and enter Q1-cellblock on 10-29-12 at or around 5:45pm? (NO)

3. What exactly was your reason for leaving your cubicle unattended and entering Q1-cellblock at or around 5:45pm on 10-29-12? I was in the process of writing inmate Darius Mabry B/261108 a disciplinary.

4. Why didn't you call for assistance before you exited your cubicle? I didn't want to call for Assistance. I wanted to speak you.

5. How did I assault you when you deliberately came out of your assigned cubicle without permission, leaving it unattended and entered Q1 cellblock where I'm assigned to sleep and use excessive force against me for no apparent reason? You hit me in the face.

6. Did you call for assistance anytime after you exited your cubicle? (NO)

6